UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RANDALL SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-01377-TWP-DML |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Randall Scott ("Mr. Scott") for a writ of habeas corpus challenges a prison disciplinary proceeding, RDC 15-05-0039, in which he was found guilty of use or possession of a wireless device/cell phone. For the reasons explained in this entry, Mr. Scott's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On May 22, 2015, Sergeant A. Behmlander issued a Report of Conduct charging Mr. Scott with use or possession of a cellular device. The Report of Conduct states:

> On 5/22/2015 I, Sgt. Behmlander was Shift Supervisor on the 4-12 shift. At 1730 I executed a search on the property box of Offender Scott, Randall #126158. Upon searching his box I discovered a Motorola tracfone hidden inside a bag of Refried Beans. The cellular phone was found in Offender Scott's #126158 locked property box which was in his possession. Offender Scott #126158 is being charged with A-121 Use/Possession of Wireless or cellular communication device.

Dkt. 9-1.

Mr. Scott was notified of the charge on May 28, 2015, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). Dkt. 9-2. The Screening Officer noted that Mr. Scott did not want to call any witnesses and did not request any evidence.

The Hearing Officer conducted a disciplinary hearing on June 4, 2015. Dkt. 9-4. The Hearing Officer noted that Mr. Scott stated, "I hope the cell phone is investigated and they find out who's [sic] it was. Where is the note. They made the statement to me that they was told they had a cell phone." *Id.* The Hearing Officer found Mr. Scott guilty and imposed sanctions of the loss of 180 days of earned credit time and the demotion from credit class I to II. *Id.* The Hearing Officer imposed the sanctions because of the seriousness of the offense and the degree to which the violation endangered the security of the facility. *Id.*

Mr. Scott filed an appeal to the Facility Head, who modified the sanctions to the loss of 90 days of earned credit time and restored the credit class to class I. Dkt. 1-1, p. 6. Mr. Scott then appealed to the Final Reviewing Authority, who denied the appeal on August 12, 2015. Dkt. 9-6.

### III.  Analysis

Mr. Scott alleges that his due process rights were violated during the disciplinary proceeding. His claims are that: 1) the property box was accessible to anyone even though it was locked upon search; 2) he was not strip searched; 3) the case was not properly investigated; and 4) the sanctions were only partially restored on appeal.

The first three claims are treated as challenges to the sufficiency of the evidence. Mr. Scott argues that the cell phone was found in an open dorm area, that there was no charger found, and that combination locks can be opened by anyone who has minimal knowledge of them. He further argues that no investigation was conducted to determine whether he had ever used the cell phone.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. 445, 455-56 (1985).

In this case, it is not disputed that the locked property box in which the hidden cell phone was found belonged to Mr. Scott. Even if other inmates could have somehow broken into the locked box, there was sufficient evidence that he, as the owner of the property box, was in possession of the hidden phone. Moreover, there was no need to investigate whether Mr. Scott had ever used the phone because he was found guilty of use *or* possession of the phone. The

conduct report and photographs of the cell phone were sufficient to support the charge that he possessed the phone.

Mr. Scott also claims that the Facility Head restored his credit class 1 and reduced the loss of credit time from 180 to 90 days based on the "possible circumstances" of the case, dkt. 1-1, p. 6, but Mr. Scott was never informed what those circumstances were. He also wonders why the sanctions were not fully restored. There is no due process requirement that a favorable result on appeal must be fully favorable. Inmates must complete all avenues of appeal before bringing a habeas claim, but beyond that, on federal review they are not entitled to further explanation of the rationale for the appeal. Therefore, Mr. Scott has not raised a viable due process claim with respect to the modification of sanctions on appeal.

Mr. Scott was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Scott's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings.

Accordingly, Mr. Scott's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/7/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Randall Scott, DOC #126158, Westville Correctional Facility, Inmate Mail/Parcels, 5501 South 1100 West, Westville, IN 46391